JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Monica Losota<br>777 West Germantown Pike, Apartment 728<br>Plymouth Meeting, PA 19426 | Child Guidance Resource Centers, Inc.<br>2000 Old West Chester Pike<br>Havertown, PA 19083 |
| (b) County of Residence of First Listed Plaintiff  Montgomery<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Delaware<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| (c)  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Graham F. Baird, Law Office of Eric A. Shore<br>2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102<br>Tel: 267-546-0131 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
   Plaintiff

☒ 3  Federal Question
   *(U.S. Government Not a Party)*

☐ 2  U.S. Government
   Defendant

☐ 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark | |
| | **PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☒ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | ☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
   Proceeding

☐ 2  Removed from
   State Court

☐ 3  Remanded from
   Appellate Court

☐ 4  Reinstated or
   Reopened

☐ 5  Transferred from
   Another District
   *(specify)*

☐ 6  Multidistrict
   Litigation -
   Transfer

☐ 8  Multidistrict
   Litigation -
   Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A § 12101 et seq
Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   2/16/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Monica Losota                                    :          CIVIL ACTION
       v.                                        :
Child Guidance Resource Center, Inc.             :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✗)

_2/16/18_                _Graham F. Baird_              _Monica Losota_
**Date**                  **Attorney-at-law**             **Attorney for**

_267-546-0131_            _215-944-6124_               _grahamb@ericshore.com_
**Telephone**             **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 777 West Germantown Pike, Apartment 728, Plymouth Meeting, PA 19426

Address of Defendant: 2000 Old West Chester Pike, Havertown PA 19083

Place of Accident, Incident or Transaction: 2000 Old West Chester Pike, Havertown PA 19083

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☑

Does this case involve multidistrict litigation possibilities?     Yes☐ No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Graham F. Baird, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/16/18     _____     92692
                  Attorney-at-Law               Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/16/18     _____     92692
                  Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONICA LOSOTA<br>777 West Germantown Pike<br>Apartment 728<br>Plymouth Meeting, PA 19462 | : <br> : <br> : <br> : <br> : <br> : |
|         Plaintiff, | : |
| v. | : <br> : |
| CHILD GUIDANCE RESOURCE<br>CENTERS, INC.<br>2000 Old West Chester Pike<br>Havertown, PA 19083 | : <br> : <br> : <br> : <br> : |
|         Defendant | : |

JURY DEMANDED

No.

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, MONICA LOSOTA (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, CHILD GUIDANCE RESOURCE CENTERS, INC. ("Defendant") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a business address as captioned above.

3.      At all times material hereto, Defendant employed Plaintiff at its West Chester Pike address as set forth above and qualified as Plaintiff's employer under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

4.      Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a

true and correct copy of a dismissal and notice of rights issued by the Equal Employment

Opportunity Commission.)

5.      This action is instituted pursuant to the Americans with Disabilities Act, the

Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal

and state law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred

pursuant to 28 U.S.C. § 1367.

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this

district because Defendant conducts business in this district, and because a substantial part of the

acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the

illegal actions by Defendant as set forth herein.

**II.  Operative Facts.**

9.      On or about September 23, 2013, Plaintiff was hired as a mental health

professional in Defendant's "Family First" department.

10.     On August 7, 2016, Plaintiff was experiencing double vision, and was admitted to

Jefferson Hospital.

11.     On August 10, 2016, Plaintiff was discharged from Jefferson Hospital and

referred to Dr. Robert Sergott, a neuro-ophthamologist.

12.     On September 2, 2016, Dr. Sergott diagnosed Plaintiff with multiple sclerosis.

13.     Plaintiff began a treatment plan with Dr. Sergott with the aim of stabilizing her

M.S. condition and recovery to a point where she would be able to drive and return to work.

14.     On September 9, 2016, Plaintiff was informed by Defendant's Staff Development Coordinator that she was approved for an FMLA leave beginning on August 8, 2016, with a return to work date of November 1, 2016.

15.     On October 14, 2016, Plaintiff attended a follow-up appointment with Dr. Sergott, at which time Dr Sergott believed her condition had not yet improved to the point that she could return to work.

16.     Dr. Sergott informed Plaintiff that she would not be cleared to return to work until January 16, 2017, and provided her with a report stating her anticipated return to work.

17.     Shortly after her October 14, 2016 appointment, Plaintiff met with Defendant's Human Resources Representative, Marsha Ejiofor, and Division Director, Michael Graziano, to discuss her medical condition and notify Defendant that she would require an accommodation for additional time off.

18.     Mr. Graziano told Plaintiff to prepare a letter requesting a leave of absence, but that Plaintiff should "not worry about it" and focus on recovering her health.

19.     On October 25, 2016, Plaintiff did as she was instructed and sent a letter to Defendant requesting an extension of her leave through January 13, 2017, and provided a copy of her doctor's note.

20.     On October 26, 2016, Plaintiff received a letter in response indicating that Defendant would not be granting Plaintiff a leave of absence and was instead terminating her employment.

21.     Plaintiff's physician cleared her return to work at full capacity on January 16, 2017, as Plaintiff had previously notified Defendant in her request for an accommodation and leave of absence.

22.     Defendant refused to engage in a meaningful back and forth towards the development of an accommodation of Plaintiff's M.S. condition, as required under the Americans with Disabilities Act.

23.     Defendant failed to accommodate Plaintiff in violation of the Americans with Disabilities Act.

24.     As a direct and proximate result of her M.S. diagnosis, Plaintiff was terminated, by Defendant.

25.     At all times material, Defendant was hostile to Plaintiff's disability and her need to utilize FMLA time.

26.     As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, lost wages, as well as emotional distress, humiliation, pain and suffering and other damages as described below.

## III.  Causes of Action.

### COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

27.     Plaintiff incorporates paragraphs 1-26 as if fully set forth at length herein.

28.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

29.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

30.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

31.     At all times material hereto, Plaintiff had a qualified disability, as described above.

32.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

33.     Defendant failed to engage in a meaningful back and forth discussion after Plaintiff requests an accommodation for her disability.

34.     Defendant failed to reasonably accommodate Plaintiff's disability.

35.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

36.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

37.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

38.     Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

39.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

40.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

41.     Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

42.     At all times material hereto, Plaintiff had a qualified disability, as described above.  Plaintiff's disability profoundly interfered with her day to day life activities.

43.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

44.     Defendant failed to accommodate Plaintiff's disability.

45.     Defendant failed to engage in a meaningful back and forth discussion in an effort to accommodate Plaintiff's disability.

46.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

47.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

48.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## COUNT III – VIOLATION OF FMLA—FAILURE TO REINSTATE
### (29 U.S.C. §2601 et seq.)

49.     Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

51.     Instead of reinstating Plaintiff to her former position upon her completion of her FMLA leave, Defendant terminated Plaintiff's employment.

52.     Defendant failed to reinstate Plaintiff to employment in violation of the provisions of FMLA.

53.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

54.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

55.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

## COUNT IV – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

56.     Plaintiff incorporates paragraphs 1-55 as if fully set forth at length herein.

57.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

58.     Instead of reinstating Plaintiff to her former position upon the completion of her FMLA leave, Defendant terminated Plaintiff's employment, an adverse action.

59.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her application for FMLA leave.

60.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

61.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

62.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff Monica Losota demands judgment in her favor and against Defendant, Child Guidance Resource Centers, Inc. in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, Monica Losota

Date: 2/16/18

# EXH. A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Monica Losota**
**777 W Germantown Pike**
**Apt 728**
**Plymouth Meeting, PA 19462**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

| | | |
|---|---|---|
| [ ] | *On behalf of person(s) aggrieved whose identity is* *CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2017-01829** | **Legal Unit,** **Legal Technician** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Kevin J. Berry,**
**Acting District Director**

11/21/17
*(Date Mailed)*

Enclosures(s)

cc:   **Marsha Ejiofor**
**Human Resources**
**CHILD GUIDANCE RESOURCE CENTER**
**2000 Old West Chester Pike**
**Havertown, PA 19083**

**Graham Baird**
**LAW OFFICES OF ERIC SHORE**
**2 Penn Center Ste 1240**
**1500 JFK Blvd PO Box 58519**
**Philadelphia, PA 19102**