UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONICA LOSOTA<br>777 West Germantown Pike<br>Apartment 728<br>Plymouth Meeting, PA 19462<br><br>    Plaintiff,<br><br>    v.<br><br>CHILD GUIDANCE RESOURCE<br>CENTERS, INC.<br>2000 Old West Chester Pike<br>Havertown, PA 19083<br><br>    Defendant | JURY DEMANDED<br><br><br>No. 2:18-cv-0696--RK |

## FIRST AMENDED CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, MONICA LOSOTA (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, CHILD GUIDANCE RESOURCE CENTERS, INC. ("Defendant") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a business address as captioned above.

3. At all times material hereto, Defendant employed Plaintiff at its West Chester Pike address as set forth above and qualified as Plaintiff's employer under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

4. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a

true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9. On or about September 23, 2013, Plaintiff was hired as a mental health professional in Defendant's "Family First" department.

10. On August 7, 2016, Plaintiff was experiencing double vision, and was admitted to Jefferson Hospital.

11. On August 10, 2016, Plaintiff was discharged from Jefferson Hospital and referred to Dr. Robert Sergott, a neuro-ophthamologist.

12. On September 2, 2016, Dr. Sergott diagnosed Plaintiff with multiple sclerosis.

13. Plaintiff began a treatment plan with Dr. Sergott with the aim of stabilizing her M.S. condition and recovery to a point where she would be able to drive and return to work.

14. On September 9, 2016, Plaintiff was informed by Defendant's Staff Development Coordinator that she was approved for an FMLA leave beginning on August 8, 2016, with a return to work date of November 1, 2016.

15. On October 14, 2016, Plaintiff attended a follow-up appointment with Dr. Sergott, at which time Dr Sergott believed her condition had not yet improved to the point that she could return to work.

16. Dr. Sergott informed Plaintiff that she would not be cleared to return to work until January 16, 2017, and provided her with a report stating her anticipated return to work.

17. Shortly after her October 14, 2016 appointment, Plaintiff met with Defendant's Human Resources Representative, Marsha Ejiofor, and Division Director, Michael Graziano, to discuss her medical condition and notify Defendant that she would require an accommodation for additional time off.

18. Mr. Graziano told Plaintiff to prepare a letter requesting a leave of absence, but that Plaintiff should "not worry about it" and focus on recovering her health.

19. On October 25, 2016, Plaintiff did as she was instructed and sent a letter to Defendant requesting an extension of her leave through January 13, 2017, and provided a copy of her doctor's note.

20. On October 26, 2016, Plaintiff received a letter in response indicating that Defendant would not be granting Plaintiff a leave of absence and was instead terminating her employment.

21. Plaintiff's physician cleared her return to work at full capacity on January 16, 2017, as Plaintiff had previously notified Defendant in her request for an accommodation and leave of absence.

22. Defendant refused to engage in a meaningful back and forth towards the development of an accommodation of Plaintiff's M.S. condition, as required under the Americans with Disabilities Act.

23. Defendant failed to accommodate Plaintiff in violation of the Americans with Disabilities Act.

24. As a direct and proximate result of her M.S. diagnosis, Plaintiff was terminated, by Defendant.

25. At all times material, Defendant was hostile to Plaintiff's disability and her need to utilize FMLA time.

26. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, lost wages, as well as emotional distress, humiliation, pain and suffering and other damages as described below.

**III. Causes of Action.**

### COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth at length herein.

28. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

29. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

30. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

31. At all times material hereto, Plaintiff had a qualified disability, as described above.

32. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

33. Defendant failed to engage in a meaningful back and forth discussion after Plaintiff requests an accommodation for her disability.

34. Defendant failed to reasonably accommodate Plaintiff's disability.

35. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

36. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

37. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

**COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 P.S. § 955)**

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

39. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

40. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

41. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

42. At all times material hereto, Plaintiff had a qualified disability, as described above. Plaintiff's disability profoundly interfered with her day to day life activities.

43. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

44. Defendant failed to accommodate Plaintiff's disability.

45. Defendant failed to engage in a meaningful back and forth discussion in an effort to accommodate Plaintiff's disability.

46. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

47. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

48. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

### COUNT III – VIOLATION OF FMLA—FAILURE TO REINSTATE
### (29 U.S.C. §2601 et seq.)

49.    Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50.    As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

51.    Instead of reinstating Plaintiff to her former position upon her completion of her FMLA leave, Defendant terminated Plaintiff's employment.

52.    Defendant failed to reinstate Plaintiff to employment in violation of the provisions of FMLA.

53.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

54.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands liquidated damages.

55.    Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT IV – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

56.    Plaintiff incorporates paragraphs 1-55 as if fully set forth at length herein.

57.    As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

58. Instead of reinstating Plaintiff to her former position upon the completion of her FMLA leave, Defendant terminated Plaintiff's employment, an adverse action.

59. Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her application for FMLA leave.

60. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

61. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands liquidated damages.

62. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff Monica Losota demands judgment in her favor and against Defendant, Child Guidance Resource Centers, Inc. in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, Monica Losota

Date: May 2, 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MONICA LOSOTA<br>777 West Germantown Pike<br>Apartment 728<br>Plymouth Meeting, PA 19462<br><br>   Plaintiff,<br><br>  v.<br><br>CHILD GUIDANCE RESOURCE<br>CENTERS, INC.<br>2000 Old West Chester Pike<br>Havertown, PA 19083<br><br>   Defendant | JURY DEMANDED<br><br>No. 2:18-cv-0696--RK |

## CERTIFICATE OF SERVICE

On May 2, 2018 the undersigned served the Plaintiff's First Amended Complaint, via e-filing upon the following counsel:

William T. Salzer
Swartz Campbell, LLC
50 S. 16th Street, 28th Floor
Philadelphia, PA 19102

         LAW OFFICES OF ERIC A. SHORE, P.C.

         BY: /s/Graham F. Baird
           **GRAHAM F. BAIRD, ESQUIRE**
         Attorney for Plaintiff, Monica Losota